**BAKER et al. v. FIRST NAT. BANK OF LOVELADY et al.** (No. 2885.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 21, 1924.)

1. Carriers ⊚⟶94(1)—Receivers of carrier held liable to bank for wrongful delivery of shipment, though bank had not exhausted remedy against consignor.

Receivers of a railroad company, who wrongfully delivered a shipment of lumber without demanding delivery of the bill of lading, *held* liable to a bank, to whom draft on the consignee with bill of lading attached had been assigned, though the bank did not first exhaust its remedy against the drawer of the draft.

2. Carriers ⊚⟶94(4)—Carriers, converting shipment by wrongful delivery, held liable for interest as damages from date of conversion.

Receivers of a carrier, wrongfully delivering a shipment of lumber without requiring delivery of the bill of lading by the consignee, *held* liable to a purchaser of a draft with the bill of lading attached for the amount of the draft, and for interest as damages from the date of conversion.

Appeal from Houston County Court; Nat Patton, Judge.

Action by the First National Bank of Lovelady and another against James A. Baker, receiver, and others. From the judgment rendered, the named defendant appeals. Affirmed.

Morris, Sewell & Morris, of Houston, for appellant.

Adams & Adams, of Crockett, for appellees.

HODGES, J. In November, 1920, Lang Smith shipped a carload of lumber from

Lovelady, Tex., to H. R. Franke, at Fant City, Tex., over the lines of the International & Great Northern Railway Company and the San Antonio, Uvalde & Gulf Railway Company. Both railroads were at the time in the hands of receivers. The agent of the receivers issued a bill of lading to Smith. The latter carried the bill of lading to the First National Bank of Lovelady, and drew a draft against Franke for the sum of $861 with the bill of lading attached. The draft was then assigned to the bank, and by it transmitted to Fant, Tex., for collection. It was discovered later, however, that the agent of the terminal carrier had delivered the carload of lumber to Franke without requiring the surrender of the bill of lading or the payment of the draft. The bank brought this suit against the receivers for conversion of the property, and joins as parties defendant Smith, the drawer of the draft, and Franke, the drawee.

In a trial before the court a judgment was rendered in favor of the bank against the receivers for the amount of the draft, with interest from the date of the conversion, and for a like sum in favor of the receivers against Smith. Franke was discharged upon the finding that he did not owe Smith anything for the lumber, it appearing that he had previously paid for it, and the draft upon him was unauthorized.

[1] The receivers appeal and insist that they are not liable, because of the negligence of the bank in failing to previously collect the amount of the draft from Smith. The evidence showed that Smith was a depositor of the bank and had money to his credit in the bank. The evidence also shows that he did not have a sufficient amount at any one time to pay the entire amount of the draft, and, further, that he at all times owed the bank other debts which exceeded the amount he had on deposit.

[2] We are of the opinion that under the facts of this case the receivers were liable for the conversion of the lumber, and the bank did not owe them the duty to first exhaust its remedy against Smith. They were also liable for interest as damages from the date of the conversion. This last conclusion is assailed as being in conflict with the case of Brazelton & Johnson v. J. I. Campbell et al., 49 Tex. Civ. App. 218, 108 S. W. 770. The facts of that case distinguish it from this. It was not there held that a receiver, who in his representative capacity converts property which he is required by law to transport, is not responsible for the full measure of damages which result from a conversion. In that case the estate was sought to be held liable for a personal tort committed by the men who were acting as receivers, when they took charge of property that did not belong to the estate in their hands. The court merely ruled that the estate could not be made responsible for their personal torts.

We are of the opinion that the judgment should be affirmed, and it is accordingly so ordered.